UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PARIS F.,

                Plaintiff,

       v.                                              **DECISION AND ORDER**
                                                                            20-CV-6724S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

       1.       Plaintiff Paris F.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since May 22, 2017, due to physical and mental limitations.  Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

       2.       Plaintiff filed applications for disability benefits and supplemental security income on July 13, 2017.  After denial at the agency level, Plaintiff proceeded to a hearing before ALJ Brian Kane on September 19, 2019.  At the time of the hearing, Plaintiff was 27 years old, with a 9th grade education, and had past relevant work as a telephone solicitor.  The ALJ considered the case *de novo* and, on October 30, 2019, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on July 27, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. Plaintiff filed the current action on September 17, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on March 1, 2022. (Docket Nos. 11, 12, 14, 15.) The case was thereafter assigned here on April 4, 2022, at which time this Court took the motions under advisement without oral argument. (Docket No. 16.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then

---

[2] The ALJ's October 30, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

   6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

>perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had engaged in substantial gainful activity but did not have earnings that exceeded the threshold of substantial gainful activity for 12 continuous months (R. at 15-16); (2) Plaintiff's scoliosis, degenerative arthritis, and knee problems were severe impairments within the meaning of the Act (R. at 16-17); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 18); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in

20 C.F.R. §§ 404.1567 (a) and 416.967 (a), with certain exceptions[3] (R. at 18-21); and (5) Plaintiff was able to perform her past relevant work as a telephone solicitor (R. at 21).[4] Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from May 22, 2017, through October 30, 2019.  (R. at 14, 21-22.)

13.     Plaintiff challenges the ALJ's decision on two fronts.  First, she argues that the ALJ's RFC finding is not supported by substantial evidence because it fails to account for limitations stemming from her depression, which the ALJ found to be a non-severe condition.  Second, she argues that the ALJ erred by failing to consider her work in 2018 an unsuccessful work attempt under the regulations.  In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14.     Plaintiff first argues that the ALJ erred by not including limitations in her RFC to account for her non-severe depression.  Adam Brownfield, Ph.D., who completed a psychiatric consultative examination, opined that Plaintiff had a mild limitation in the ability to regulate emotions, control behavior, and maintain well-being. (R. at 16-17, 336.)  But he also concluded that Plaintiff had no other mental limitations and that her psychiatric problems were not significant enough to interfere with her ability to function on a daily basis.  (R. at 17, 336.)  The ALJ found Dr. Brownfield's opinion to be persuasive, and he relied on it in finding that Plaintiff's depression was a non-severe impairment at Step 2. (R. at 16-17.)  The ALJ also considered Plaintiff's robust activities of daily living, which

---

[3] The ALJ found that Plaintiff retained the RFC to engage in sedentary work with the following exceptions: "the claimant is able to sit for six total hours in an eight hour workday; stand or walk two total hours in an eight hour workday; and must be allowed to shift positions at will."  (R. at 18.)

[4] The ALJ did not make an alternative finding at Step 5.  (R. at 21.)

included caring for her own personal hygiene, cooking, cleaning, doing laundry, caring for children, and using public transportation. (R. at 17.) Ultimately the ALJ included no limitations for Plaintiff's non-severe depression in the RFC.

15. This Court finds no reversible error in the ALJ's analysis. At best, the record suggests that Plaintiff's depression gave rise to only mild limitations in regulating her emotions, controlling her behavior, and maintain her well-being, but as the ALJ observed, Plaintiff's activities of daily living belie the notion that these limitations limited her ability to work in any way, a conclusion that is consistent with Dr. Brownfield's opinion that Plaintiff's mild impairments would not interfere with her ability to function on a daily basis. Moreover, mild limitations of the nature at issue here do not require limitations in an RFC. See, e.g., Jane A. v. Comm'r of Soc. Sec., 19-CV-808, 2021 WL 63066, at *5 (W.D.N.Y. Jan. 7, 2021) (finding that mild limitation in dealing with stress and interacting with others did not require limitations in RFC). And in the absence of any other severe or non-severe mental conditions, Plaintiff's non-severe depression could not be found to significantly limit her ability to do basic work activities on a contributory basis. Plaintiff's argument is therefore unpersuasive.

16. Plaintiff's second argument is that the ALJ erred by failing to consider whether her work in 2018 constituted an unsuccessful work attempt, rather than demonstrating that she could engage in substantial gainful activity. The ALJ found that Plaintiff's earnings during this period—Plaintiff also worked at other times during the relevant period—exceeded the monthly substantial gainful activity threshold. (R. at 16.) But he further determined that Plaintiff experienced a significant change in her work pattern and earnings when she stopped working, resulting in a finding that Plaintiff did not

have disqualifying earnings for a continuous 12-month period.  (R. at 16, 54, 56.)  He therefore proceeded with the 5-step evaluation process.

17. Plaintiff contends that the ALJ held this period of work against her by finding that it demonstrated an ability to engage in substantial gainful activity (R. at 21), rather than considering it an unsuccessful work attempt under the regulations.  An unsuccessful work attempt is one that involves work of six months or less that ceases or reduces due to the claimant's impairments.  See 20 C.F.R. §§ 404.1574 (c)(4), 416.974 (c)(4).  If a period of work qualifies as an unsuccessful work attempt, it will not be considered to demonstrate an ability to engage in substantial gainful activity.  See id.

18. At the outset, this Court notes that Plaintiff testified that she worked from April into October 2018 (not September, as the ALJ and Plaintiff reference), which may well have exceeded the 6-month threshold.  (R. at 54, 56.)  Moreover, although Plaintiff testified that she stopped working because of her impairments, the record contains no evidence to that effect, and in fact, contains no medical evidence from June 2018 through May 2019.  Plaintiff therefore fails to establish an unsuccessful work attempt under the regulations.  Further, Plaintiff overstates the ALJ's reliance on this work period.  While the ALJ noted it as one factor supporting his determination, the record contains other substantial evidence that independently and sufficiently supports the ALJ's decision that Plaintiff is not disabled under the Act.  This Court therefore finds no error requiring reversal.

19. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial

evidence.  It is therefore affirmed.  <u>See</u> <u>Grey</u>, 721 F.2d at 46; <u>Marcus</u>, 615 F.2d at 27. Plaintiff's motion is denied, and Defendant's motion is granted.

     IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

     FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

     FURTHER, that the Clerk of Court is directed to CLOSE this case.

     SO ORDERED.

Dated:    June 10, 2022
           Buffalo, New York

                                      <u>s/William M. Skretny</u>
                                      WILLIAM M. SKRETNY
                                      United States District Judge